IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CLIFFORD YOUNG,                       Civil No. 09-206-HU

        Petitioner,              AMENDED FINDINGS AND
                                      RECOMMENDATION
    v.

BRIAN BELLEQUE,

        Respondent.


    C. RENEE MANES
    Assistant Federal Public Defender
    101 S.W. Main St., Suite 1700
    Portland, OR  97204

        Attorney for Petitioner

    JOHN KROGER
    Attorney General
    JONATHAN W. DIEHL
    Assistant Attorney General
    Oregon Department of Justice
    1162 Court Street, NE
    Salem, OR  97301

        Attorneys for Respondent

    1 - AMENDED FINDINGS AND RECOMMENDATION -

Hubel, Magistrate Judge.

Petitioner, an inmate at Oregon State Penitentiary, brings this habeas corpus action under 28 U.S.C. § 2254, challenging his 1999 convictions for aggravated murder. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) should be denied, and judgment should be entered dismissing this action with prejudice.

## BACKGROUND

In 1997, Petitioner was indicted on six counts of Aggravated Murder (Counts 1-6), one count of Robbery in the First Degree (Count 7), and one count of Burglary in the First Degree (Count 8) following the murder of his 68 year old neighbor the previous year. In 1998, Petitioner entered into a plea agreement with a settlement agreement incorporated. The plea-settlement agreement specified, in part, that Petitioner: would plead guilty to three counts of Aggravated Murder (Counts 2, 5, and 6) with the remaining counts set over until legal proceedings against an unindicted co-defendant were final; would be sentenced to 30-year minimum terms of imprisonment without the possibility of parole; would cooperate fully in the prosecution of an unindicted co-defendant and that a failure to abide by the terms of the settlement agreement would subject Petitioner to prosecution on all remaining counts of the indictment (Counts 1, 3, 4, 7, and 8); agreed "to waive all his state and federal constitutional rights, including but not limited

2 - AMENDED FINDINGS AND RECOMMENDATION -

to double jeopardy, speedy trial, Fourth and Fifth Amendment rights as they relate to all charges in the [ ] indictment." (Respt.'s Ex. 123 at 2 (#6).)

On October 2, 1998, the trial court reviewed the plea-settlement agreement with Petitioner, point by point, seeking confirmation that Petitioner fully understood each provision. (Respt.'s Ex. 104, Tr. at 3-30.) Petitioner entered pleas of Guilty to Counts 2, 5, and 6; and the trial court found the pleas were made voluntarily and intelligently, and that there were facts in the record to support the pleas. (*Id*. at 30-31.) The court entered a finding of guilty as to Counts 2, 5, and 6, and sentenced Petitioner according to the plea agreement, to three concurrent 30-year minimum terms of imprisonment without the possibility of parole, work release, or temporary leave, with post-prison supervision for life. (*Id*. at 31-35.)

Petitioner directly appealed his 1998 convictions, with counsel filing a *Balfour* brief consisting solely of Section A.[1] The Oregon Court of Appeals affirmed without opinion, and

---

[1] Upon concluding that only frivolous issues exist on direct appeal, a *Balfour* brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct. Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument. Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous. *Balfour v. State of Oregon*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

3 - AMENDED FINDINGS AND RECOMMENDATION -

Petitioner did not seek review from the Oregon Supreme Court. (Respt.'s Exs. 108-112.)

### 1999 Prosecution on Counts 1, 3, 4, 7, and 8

The State prosecuted Petitioner on Counts 1, 3, 4, 7, and 8 after he breached the terms of the settlement agreement by refusing to testify against his co-defendant. (Respt.'s Exs. 116 at 7; 130 at 1.) After a stipulated facts trial, Petitioner was found guilty as to Counts 1, 3, 4, 7, and 8. For sentencing, Count 7 (Robbery) merged with Count 1 (Aggravated Murder) and, by agreement of the parties, Count 8 (Burglary) merged with the 1998 conviction on Count 2 (Aggravated Murder). (Respt.'s Ex. 106 at 11-12.) The penalty phase was tried before a jury. Petitioner was sentenced on Counts 1, 3, and 4 to three terms of Life without the possibility of parole, to run consecutively to each other and consecutive to the 1998 sentences. (*Id*. at 10.)

Prior to the penalty phase, Petitioner moved to dismiss the state's prosecution on Counts 1, 3, 4, 7, and 8, for lack of jurisdiction since he had already been sentenced for, and was appealing his convictions on Counts 2, 5, and 6. (Respt.'s Ex. 105 at 11-27.) The trial court found that, while it no longer had jurisdiction as to Counts 2, 5, and 6, it retained jurisdiction with respect to Counts 1, 3, 4, 7, and 8 under the terms of the plea-settlement agreement. (*Id*. at 29.) Petitioner also argued the court could not try him on Counts 1, 3, 4, 7, and 8 because

4 - AMENDED FINDINGS AND RECOMMENDATION -

"multiple consecutive sentences for one homicidal act pleaded under different theories of Aggravated Murder is beyond th[e] Court's power and jurisdiction." (*Id*. at 29-36.)  Petitioner conceded that *State v. Barrett*, 153 Or.App. 621, 958 P.2d 215 (1998), on appeal to the Oregon Supreme Court, was contrary to his position. (*Id*. at 33.)  Citing *Barrett* as governing law, the trial court denied Petitioner's motion to dismiss.  (*Id*. at 29 and 36.)

Direct Appeals - 1999 Convictions

Petitioner directly appealed his 1999 convictions alleging nine instances of trial court error which can be characterized as follows:

1) the trial court erred in conducting a penalty phase and entering judgment of conviction on Counts 1, 3, and 4;

2) the trial court erred in entering judgment of conviction and separate sentences on Counts 1, 3, and 4;

3-9) the trial court erred in the jury selection process.

(Respt.'s Ex. 113 at i-ii.)  In his Appellant's Brief, Petitioner presented and argued Errors 1 and 2 exclusively on state law grounds.  (*Id*. at 20-28.)  Petitioner also submitted a Memorandum of Additional Authority citing state law for the proposition that the Oregon Supreme Court decision in *State v. Barrett*, 331 Or. 27, 37, 10 P.3d 901 (2000) (convictions on alternative counts of aggravated murder for a single homicide merge for sentencing), applied retroactively.  (Respt.'s Ex. 115.)

5 - AMENDED FINDINGS AND RECOMMENDATION -

In its written opinion addressing Errors 1 and 2, the Oregon Court of Appeals rejected the State's argument that the Court of Appeals did not have jurisdiction to review a sentence arising from a stipulated agreement, noting a defendant cannot stipulate to jurisdiction. (Respt.'s Ex. 116 at 4.) However, the Court of Appeals affirmed the lower court convictions and sentencing on Counts 1, 3, 4, 7, and 8, finding Petitioner had given up his right to seek merger when he agreed to be sentenced on the second set of charges should he fail to comply with his plea-settlement agreement. (*Id.* at 6.)

Petitioner sought review by the Oregon Supreme Court, again raising Error 1 and 2 exclusively on state law grounds. (Respt.'s Ex. 117 at 6.) The Oregon Supreme Court denied review. (Respt.'s Ex. 118.)

<u>State Post-conviction Proceedings</u>

Petitioner filed for post-conviction relief ("PCR") raising three grounds for relief which can be characterized as follows: Ground One, eight instances of ineffective assistance of trial counsel pertaining to the 1998 convictions; Ground Two, two instances of ineffective assistance of trial counsel pertaining to the 1999 convictions; Ground Three, violation of due process as a result of the imposition of consecutive sentencing on Counts 1, 3, and 4. (Respt.'s Ex. 120 at 4.) The State's Response argued Petitioner was barred from raising Ground Three in a PCR proceeding

6 - AMENDED FINDINGS AND RECOMMENDATION -

under *Palmer v. State*, 318 Or. 352, 354, 867 P.2d 1368 (1994) (noting limited exceptions to requirement that trial court errors be raised on direct appeal). (Respt.'s Ex. 128 at 15, 16.)

In his PCR Memorandum, Petitioner limited his arguments to three instances of ineffective assistance of counsel pertaining to the 1998 plea-sentencing proceeding. (Respt.'s Ex. 121 at 4-5.) In the PCR trial proceeding, the PCR trial court explained the PCR process to Petitioner and gave him an opportunity to highlight the issues he was presenting to the court. (Respt.'s Ex. 145.) The PCR court subsequently characterized the issues Petitioner highlighted as claims of ineffective assistance of counsel, and Petitioner confirmed the PCR court had correctly characterized the issues. (*Id.*)

The PCR court denied relief, noting in its Opinion Letter it found the State's Memorandum persuasive and the arguments should be incorporated into the Findings of Fact, Conclusions of Law drafted by the State. (Respt.'s Ex. 146.) The Conclusions of Law specified, "[P]etitioner was not denied the right to assistance of counsel" under either the Federal or State constitutions, and "Petitioner received a lawfully imposed consecutive sentence." (Respt.'s Ex. 147 at 5,6.)

Petitioner appealed, raising three claims in Section B of a *Balfour* Brief: two claims of ineffective assistance of counsel, and a claim alleging consecutive sentencing violated his right to due

process and the Eighth Amendment prohibition against cruel and unusual punishment. (Respt.'s Ex. 149 at 5, 11.) Petitioner's due process claim alleged the trial court failed to advise him that he could be sentenced to consecutive sentences as a consequence of the plea-settlement agreement. (*Id*. at 11.) Respondent filed a Motion for Summary Affirmance, which the Oregon Court of Appeals granted. (Respt.'s Exs. 150, 152.) The Oregon Supreme Court denied Petitioner's Petition for Review and his Motion for Reconsideration. (Respt.'s Exs. 154, 156, 157.)

<u>Federal petition for habeas relief</u>

Petitioner seeks federal habeas relief raising various grounds for relief. (#1, Pet. at 5-9.) His Memorandum focuses exclusively on the following:

Ground One:   Petitioner was denied his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, section 11, of the Oregon Constitution in that the **Trial Court lacked jurisdiction to sentence** defendant on the Aggravated Murder convictions in counts 1, 3, and 4[;]

Ground Two:   Petitioner was denied his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution . . . in that **the sentences** for the Aggravated Murder convictions in counts 1, 3, and 4 **should have merged** with the sentences in counts 2, 5, and 6.

(#16, Mem. at 1.) Respondent contends Petitioner has procedurally defaulted all of his claims. (#12, Resp. at 8.)

/ / /

/ / /

8 - AMENDED FINDINGS AND RECOMMENDATION -

**DISCUSSION**

## I. Grounds Not Advanced in Memorandum

For habeas relief under § 2254(d), Petitioner has the burden of showing that the state court adjudication of his claims was contrary to or an unreasonable application of established Supreme Court precedent. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2254(d). Petitioner has failed to meet his burden of proof on the claims he does not address in his supporting memorandum. Accordingly, relief on Grounds Three, Four, and Five, which are not advanced in Petitioner's Memorandum, should be denied.

## II. Grounds One and Two

### A. Exhaustion and Procedural Default

Generally, a state prisoner must exhaust all available state court remedies, either on direct appeal or through collateral proceedings, before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). The exhaustion requirement ensures that a State is given the " 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365 (1995) *(per curiam)* (quoting *Picard v. Conner,* 404 U.S. 270, 275 (1971).

A state prisoner satisfies the exhaustion requirement by "fairly presenting" his claim to the appropriate state courts at

9 - AMENDED FINDINGS AND RECOMMENDATION -

all appellate stages afforded under state law. *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In Oregon, the Oregon Supreme Court is the highest state court with jurisdiction to hear claims in satisfaction of the exhaustion requirement. *See* Or. Rev. Stat. § 138.650 (2005).

A federal claim is "fairly presented" to the state courts if it was presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). To alert the state courts to the federal nature of his claim, the petitioner must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Casey*, 386 F.3d at 915-16. "Ordinarily a state prisoner does not "fairly present" a federal constitutional claim to a state's highest court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin,* 541 U.S. at 32.

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally

10 - AMENDED FINDINGS AND RECOMMENDATION -

defaulted. *Casey*, 386 F.3d at 920; *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750. Petitioner has not met this burden.

B.  Analysis

In Ground One, Petitioner contends he was denied his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution in that the trial court lacked jurisdiction to sentence him for the Aggravated Murder convictions in Counts 1, 3, and 4. In Ground Two, Petitioner contends he was denied his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution in that the sentences in Counts 1, 3, and 4 should have merged with the sentences for the Aggravated Murder convictions in Counts 2, 5, and 6. Respondent argues Petitioner failed to exhaust Grounds One and Two in the Oregon appellate courts and, because he can no longer do so, they are procedurally defaulted and habeas relief is precluded. (#12, Resp. at 9-10.) Upon review of the record, I agree.

Contrary to Petitioner's assertion that his direct appeal of the 1999 convictions and sentencing on Counts 1, 3, and 4, raised Ground One and Ground Two as issues of both state law and the

11 - AMENDED FINDINGS AND RECOMMENDATION -

federal constitution, (#16, Mem. at 4), the record is clear that he raised and argued his claims solely as issues of state law.[2] (Respt.'s Ex. 113 at 20-28; Ex. 115.)  The written opinion issued by the Oregon Court of Appeals analyzed the two claims exclusively as issues of state law, and in his Petition for Review to the Oregon Supreme Court, Petitioner, again, raised the claims only as issues of state law.  (Ex. 117 at 2, 6.)

In his supporting memorandum, Petitioner argues that Grounds One and Two were raised in the state PCR proceeding for a second time as federal claims.  (#16, Mem. at 3.)  I disagree.  Petitioner's Amended Petition for Post-Conviction Relief presented a federal claim alleging the consecutive sentencing on Counts 1, 3, and 4 violated due process.[3]  (Respt.'s Ex. 120 at 5-6.)  The due process challenge to the imposition of consecutive sentencing is identical to the claim raised as Ground Five in Petitioner's federal petition, but clearly distinct from Grounds One and Two, which raise jurisdiction and merger.  Based on the state court record, I conclude Petitioner did not fairly present Grounds One and Two as federal questions to the Oregon courts and, thus, failed to satisfy the exhaustion requirement for federal habeas review.

---

[2]In the PCR proceeding, Petitioner identified his ineffective assistance of counsel claims as federal claims.

[3]The PCR court expressly rejected this claim in its Findings of Fact, Conclusions of Law, stating "Petitioner received a lawfully imposed consecutive sentence."  (Respt.'s Ex. 147 at 6.)

12 - AMENDED FINDINGS AND RECOMMENDATION -

Because the time for seeking review of Grounds One and Two in state court has passed, *see* Or. Rev. Stat. §138.510(3), the claims are procedurally defaulted. Petitioner has not set forth a basis to excuse the default and, accordingly, habeas relief is precluded.

Furthermore, while the due process claim raised as Ground Five was exhausted in the state PCR proceedings when the state PCR court expressly rejected it, and petitioner raised the claim on appeal therefrom,[4] Petitioner fails to address Ground Five in his supporting memorandum to this Court. Instead, he pursues his merger/jurisdictional arguments raised in Grounds One and Two (which were procedurally defaulted on direct appeal), and fails to sustain his burden of demonstrating that federal habeas relief is warranted on Ground Five. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004), *cert. denied*, 546 U.S. 963 (2005) (petitioner has burden of proving habeas relief is warranted); *see also Oregon v. Ice*, 129 S.Ct. 711, 718-19 (2009) (Sixth Amendment does not inhibit states from assigning to judges, rather than juries, finding of facts necessary to impose consecutive sentences). Accordingly, habeas relief must be denied as to Ground 5.

## CONCLUSION

For the reasons stated above, the Petition for Writ of Habeas Corpus (#1) should be denied and this proceeding dismissed with

---

[4] *See Casey*, 386 F.3d at 913 (claim exhausted if state court expressly addresses claim, whether or not it was fairly presented)

13 - AMENDED FINDINGS AND RECOMMENDATION -

prejudice.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should also be denied.  *See* 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The Amended Findings and Recommendation will be referred to a district judge.  Objections, if any, are due August 24, 2010.  If no objections are filed, then the Amended Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due September 10, 2010.  When the response is due or filed, whichever date is earlier, the Amended Findings and Recommendation will go under advisement.

DATED this   6th    day of August, 2010.

/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge